IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CLARENCE ARTHUR JESSEE, | Case No. 07-mc-7013-AA |
| | OPINION AND ORDER |
| Plaintiff, | |
| vs. | |
| OREGON DEPARTMENT OF CONSUMER AND BUSINESS SERVICES WORKERS' COMPENSATION DIVISION, | |
| Defendant. | |

Clarence Arthur Jessee
85164 N. Hideaway Hills Rd.
Eugene, Oregon 97405
    Plaintiff Pro Se

Hardy Myers
Attorney General
Elizabeth K. Bonucci
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
    Attorneys for defendant

AIKEN, Judge:

Defendant filed a motion to dismiss alleging lack of subject matter jurisdiction and failure to state a claim. Defendant's motion is granted and this case is dismissed.

## BACKGROUND

Plaintiff, appearing pro se, filed an action in this court titled, "Patient Dumping," which alleges "Consperacy (sic) to Comit (sic) Fraud by Two Non-Complying Within Oregon State [Not to pay Taxes or Insurance]". Plaintiff alleges that he is entitled to a total of $85,000 in damages from the defendant. Specifically, plaintiff alleges that he is entitled to $85,000:

> PER YEAR UNTIL RETURNED BACK TO THE WORK OF TRATE (sic) OR RETRAINED. ONE THIRD OF THE FUNDS YEARLY GOING TO WORK FORCE OF OREGON [VOCATIONAL REHABILITATION AND IMATCH PROGRAM] AND THE ATTORNEY GENERAL'S OFFICE. THE BALANCE IS USED FOR THE DISPLACED WORKER OR HARDSHIP WORKER BY INJURY.
>
> Art Fairweather and Curt Garnick were aware of the limitations of Displaced and Hardship of Worker Jerry A, (sic) Brenden. Jerry A. Brenden sustain life by any means As any employee. Now Employer Commit Fraud from State and U.S. Levels for Others. THEY WERE AWARE OF MY UNION TRADE AND WAGES I AM SEEKING OF A WASHINGTON STATE INJURY CLAIM OF $39,00 (sic) an Hour of lost Wages. Forced to work by any means in Oregon since August of 2002."

Miscellaneous civil action, p. 2.

Relying on plaintiff's many attachments and submissions in support of his allegations, the court guesses that plaintiff is challenging defendant's investigation of plaintiff's compliance

Page 2 - OPINION AND ORDER

with the workers' compensation laws, and specifically, the Order issued by defendant requiring plaintiff to pay a civil penalty for violation of those laws. Plaintiff seems to be alleging a due process violation by the defendant during that investigation.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Defendant moves to dismiss this action alleging this court lacks subject matter jurisdiction over plaintiff's allegations. See Fed. R. Civ. P. 12(b)(1). For purposes of this action, the court will construe plaintiff's complaint under 42 U.S.C. § 1983. See Albright v. Oliver, 510 U.S. 266, 271 (1994)(internal citation omitted).

The Eleventh Amendment to the United States Constitution provides that the judicial power of the United States, "shall not be construed to extend to any suit in law or equity, commenced or

prosecuted" against a state. Sovereign immunity is a question of subject matter jurisdiction. <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988). There is no dispute that the Eleventh Amendment bars citizens from bringing suit in federal court against a state unless the immunity is expressly waived by the state or abrogated by Congress. <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 54 (1996). To determine whether a state agency is an "arm of the state," courts examine five factors: (1) whether a money judgment would be satisfied out of state funds; (2) whether the entity performs central governmental functions; (3) whether the entity may sue or be sued; (4) whether the entity has the power to take property in its own name or only the name of the state; and (5) the corporate status of the entity. <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1988)(internal citations omitted). Defendant clearly satisfies each of the five factors listed above. Therefore, this court lacks subject matter jurisdiction over plaintiff's claims. Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted and this case is dismissed.

Moreover, even if this court had subject matter jurisdiction, plaintiff has failed to state a claim as a matter of law. <u>See</u> Fed. R. Civ. P. 12(b)(6). Despite the court's general policy to construe pleadings liberally, particularly when reviewing pleadings filed by a pro se litigant, that policy does

not result in the conclusion that "any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules." Classic Auto Refinishing v. Marino, 37 F.3d 1354, 1357 (9th Cir. 1994)(internal quotation omitted). A pro se litigant must allege, with some particularity, overt acts committed by the defendant that support their claims. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Even applying the less stringent standard appropriate for a pro se litigant, plaintiff's complaint fails to state a claim. Initially, it is difficult to determine who plaintiff has brought suit against. Although he pursues a "default judgment" against the defendant here, he has also named Ray Cunningham, and R.E. Gregory as defendants in other documents. Further, plaintiff's documents contain primarily vague and conclusory allegations. Notably, plaintiff fails to include any support of the essential elements for potential claims. Finally, it is nearly impossible for this court to decipher exactly what claims plaintiff intends to pursue. It is similarly difficult to understand which of plaintiff's rights were violated, by whom, and how.

Therefore, pursuant to Fed. R. Civ. P. 12(b)(6), defendant's motion to dismiss is granted and plaintiff's claim is dismissed.

## CONCLUSION

Defendant's motion to dismiss (doc. 5) is granted. Plaintiff's motion for default judgment (doc. 8) and motion to

quash (doc. 7) are denied.  This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

    Dated this  13  day of October 2007.


                                      /s/ Ann Aiken
                                         Ann Aiken
                                United States District Judge